Charles Emlen Maris, Jr. v. Commissioner.
Maris v. Commissioner
Docket No. 12885.
United States Tax Court
1947 Tax Ct. Memo LEXIS 48; 6 T.C.M. (CCH) 1163; T.C.M. (RIA) 47294; October 28, 1947
*48 Frank A. Moorshead, Esq., and Richard D. Case, Esq., 1604 Pennsylvania Bldg., Philadelphia, Pa., for the petitioner. William D. Harris, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $20,679.29 in income tax for 1944. The only issue is whether he erred in holding that the entire net income of the Maris Crane & Hoist Company was taxable to the petitioner instead of being distributable and taxable to him and to his wife, in accordance with their partnership agreement. Findings of Fact The petitioner filed his individual income tax return for 1944 with the collector of internal revenue for the first district of Pennsylvania. The petitioner was graduated from the University of Pennsylvania in 1921 with a degree of Bachelor of Science in Mechanical Engineering. He has been associated in one capacity or another with the Maris family business of manufacturing overhead cranes and hoists for about 15 years. His father and his uncle began that business in Philadelphia in 1886. The petitioner was associated with them for a short time after his graduation. Thereafter he was engaged in *49 other business until he returned to Philadelphia in 1930 at the request of his father. The crane and hoist business was operated at that time through a corporation. The petitioner worked for the corporation until about December 1936 when it became bankrupt. He then formed a new corporation known as Maris Crane Company, Inc., and continued in the same line of business. He owned all of the capital stock, except qualifying shares, of this new corporation. The petitioner managed this business alone, without office help or salesmen. The business was not successful and the petitioner was obtaining only about $100 per month out of it. He borrowed money from his wife and others in order to meet his payrolls and continue operations. The money borrowed from his wife was her own separate money obtained from sources other than the petitioner. She advanced to the corporation on loans a total of about $2,000 of which about one-half was repaid. The petitioner and his wife, Irene F. Maris, considered ways and means of improving the operation of the business and making it profitable. The petitioner's wife had discussed all phases of the business at great length with the petitioner's father and *50 with the petitioner, and they finally decided that she should take a part in the business. Irene F. Maris earned her own living from the time she graduated from high school in 1918 until her marriage in 1929. She did clerical work, secretarial work, newspaper reporting and finally managed a business during that period. The petitioner, in the latter part of October 1941, gave his wife one-third of the stock of the corporation in recognition of the unpaid balance due her for money advanced. The balance sheet of the corporation at that time showed assets of $11,431.14 and a deficit, excluding capital stock, of $937.05. It reported a small loss for the year on gross sales of about $26,400. The corporation was then dissolved and a partnership consisting of the petitioner and his wife took over the assets and liabilities of the corporation. The partnership agreement entered into on November 1, 1941, between the petitioner and his wife, recited that they were associating themselves together as co-partners under the name of Maris Crane & Hoist Company. The partnership was to continue for five years. The agreement recited that the petitioner had contributed to the partnership two-thirds *51 of the assets of the corporation of a value of $1,200 and his wife had contributed one-third of those assets of a value of $600, and each was to be credited on the books with those contributions of capital. The petitioner was to receive a salary of $3,900 per year and his wife a salary of $1,300 a year, after which the profits were to be divided two-thirds to the petitioner and one-third to his wife. The agreement was amended on January 2, 1942 to provide for a salary of $12,000 a year for the petitioner and one of $3,000 a year to his wife. The partnership was duly registered with the proper authorities in Pennsylvania under the Fictitious Names Act. A bank account was opened for the partnership on which the petitioner and his wife each had authority to draw. Books of account were opened showing the interest of the partners in accordance with the partnership agreement. The business was operated under the partnership agreement after November 1, 1941. Partnership returns were filed showing the income of the partnership distributable to the partners in accordance with the partnership agreement. The petitioner exercised no control over the income distributable to his wife. The following *52 table shows the gross receipts and net income of the partnership for the fiscal years ending October 31st in 1942, 1943 and 1944: 1942
1943
1944
Gross receipts
$88,539.61
$170,846.24
$182,790.27
Net income
31,460.42
79,364.36
82,159.01 The return for the latter year showed as partnership income distributable to Irene F. Maris $27,386.34. She reported on a separate individual income tax return for the calendar year 1944, $25,386.34 as income from the partnership. The Commissioner, in determining the deficiency against the petitioner, added to his income as reported in his return $25,386.34, with the explanation that the entire income of Maris Crane & Hoist Company was his income. Irene F. Maris invested capital originating with her in the business of the partnership and she contributed substantially to the control and management of the business during the fiscal year ended October 31, 1944. She performed vital services for the partnership during that period. Opinion MURDOCK, Judge: The Maris crane and hoist business had never been successful up to October 31, 1941, although the product manufactured in that business was a good one. The petitioner *53 was able to do most of the things necessary to operate that business but was unable to make it successful financially. His wife had already advanced a large part of the small amount of money which she had, in order to assist the petitioner in keeping the business going up to the end of October 1941. She then decided to come into the business and take an active part in it. The principal thing she did to assist in making the business successful was to fix prices and make bids for business. She insisted upon prices which were higher than those suggested by the petitioner, and business was obtained at the higher prices upon which she insisted. She had some business ability and some knowledge of this particular business which enabled her to perform this vital service for the partnership. She also made some other valuable contributions to the business and performed other services of lesser importance. One thing which she did which was of great benefit to the business was to obtain and employ as a night and Sunday shift a group of men engaged in wholly unrelated businesses, who came to the plant of this partnership in their spare time, learned to operate lathes and machines, and furnished *54 some additional manpower during the war period when, due to the labor shortage, the partnership was having difficulties finding sufficient employees. The respondent argues that the wife did not contribute any capital to the partnership since the liabilities of the corporation exceeded its assets at the time it was dissolved and the business taken over by the partnership. The corporation was indebted to the wife at that time and it is apparent that she contributed one-third of whatever was contributed to the partnership on which it started business. The petitioner and his wife fully intended to operate this business as a partnership in which the wife would have a real part, and they actually conducted it in that way during the period here in question. The Commissioner erred in adding the wife's share of the partnership income to the taxable income of the petitioner. Decision will be entered for the petitioner.